UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jeffrey Aleman, )
 )
         Plaintiff, )
 )
       v. ) No. 05 C 5553
 )
Sheriff of Cook County )
 )
         Defendant. )
 )

**MEMORANDUM ORDER AND OPINION**

MARVIN E. ASPEN, District Judge:

Presently before us is a motion to dismiss plaintiff Jeffrey Aleman's Section 1983 claim against defendant Sheriff of Cook County pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, we grant the motion and dismiss the claim against the Sheriff without prejudice.

**I. Background**

The following summary of factual allegations are taken from the complaint and deemed true for purposes of this motion. *See Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005).

Jeffrey Aleman began working as a correctional officer for the Sheriff of Cook County ("Sheriff") in 1995. He worked in the canine unit at the Cook County Department of Corrections between May 10, 2002 and April 29, 2005. In April 2005, Scott Kurtovich, First Assistant Executive Director of the Cook County Department of Corrections, "ordered canine officers to use their canine partners in an inappropriate manner to intimidate newly arrived prisoners to the

jail." (Compl. ¶ 5.) Aleman complained about Kurtovich's mandate on April 29, 2005, at which time Kurtovich transferred him out of the canine unit. Consequently, Aleman "has been deprived of the companionship of his former canine partner, has lost wages, and has been subjected to severe emotional distress." (*Id.* at 10.) Aleman contends that Kurtovich transferred him out of the canine unit in retaliation for exercising his right to free speech guaranteed by the First Amendment to the Constitution.

Based on the facts described above, Aleman filed a lawsuit under Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, against Kurtovich, in his individual capacity, and the Sheriff, in his official capacity. Aleman seeks monetary damages from Kurtovich and equitable relief, including reinstatement to the canine unit and restoration of custody of his canine partner, from the Sheriff. The Sheriff has moved to dismiss the charges against him pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## II. Standard of Review

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir.1989)). A complaint is not required to allege all, or any, of the facts entailed by the claim. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005); *see also McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000) (holding that plaintiff can plead conclusions if they put defendant on notice of claims). However, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *Lekas,* 405 F.3d at 613-614.

In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Gibson,* 910 F.2d at

1520-21; *Cody,* 409 F.3d at 857. Dismissal is warranted only if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). However, we need not "strain to find inferences favorable to the plaintiff[] which are not apparent on the face of the complaint." *Coates v. Illinois State Bd. of Ed.,* 559 F.2d 445, 447 (7th Cir.1977).

**III. Analysis**

"In order to state a claim under Section 1983, a plaintiff must allege that the defendant[] deprived him of a right secured by the Constitution or laws of the United States, and that the defendant[] acted under color of state law." *Lekas*, 405 F.3d at 608 (quoting *Brokaw v. Mercer County,* 235 F.3d 1000, 1009 (7th Cir. 2000)). Under § 1983, a defendant can be sued in an individual or official capacity. "[O]fficial capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099 (1985) (quoting *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 690, n.55, 98 S. Ct. 2018 (1978)). Since the governmental entity is the real party in interest in official capacity suits, "the action alleged to be under color [of law] must be linked with the entity's policy or custom." *Hill v. Shelander,* 924 F.2d 1370, 1372 (7th Cir. 1991).

Jeffrey Aleman filed a § 1983 action against the Sheriff of Cook County in his official capacity alleging that one of the Sheriff's employees, Scott Kurtovich, violated Aleman's constitutional right to free speech. (Compl. ¶¶ 3, 8.) However, as the Supreme Court stated in *Monell*, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691.

Aleman proffers a circular argument in opposition to defendant's motion to dismiss: the Sheriff is a proper defendant because the relief sought is equitable in nature and equitable remedies are available in official capacity suits. (Resp. at 2.) While injunctive relief is an appropriate remedy for a § 1983 violation brought against government agents in their official capacity, merely seeking equitable relief does not suffice to support an official capacity action. *Greenawalt v. Indiana Dept. of Corrs.,* 397 F.3d 587, 589 (7th Cir. 2005); *Monell*, 436 U.S. at 690. Where, as here, a plaintiff sues a defendant in his official capacity, i.e. as a representative of the governmental body, that "entity's policy or custom must have played a part in the violation of federal law." *Graham,* 473 U.S. at 166 (quotation marks omitted); *see also Monell* 436 U.S. at 690 ("[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution."); *Hill,* 924 F.2d at 1372 (same).

The Seventh Circuit has explained that an official policy or custom can consist of an express policy, a widespread practice, or "an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'" *Garrison v. Burke,* 165 F.3d 565, 571-72 (7th Cir. 1999) (quoting *Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 734-35 (7th Cir. 1994)). Aleman's complaint does not explicitly or impliedly reference an official policy and it is devoid of any allegations that can be construed as pleading a causal nexus, or even a tenuous connection, between Kurtovich's misconduct and the Sheriff's department policy or practice. Moreover, while the Sheriff presumably has final policymaking authority, Kurtovich, rather than the Sheriff, allegedly caused Aleman's injury. Based on the complaint, the Sheriff's involvement with the purported constitutional violation is based solely on his capacity as Kurtovich's employer, which is insufficient to state a cause of action for an official capacity suit

under § 1983. *See Monell,* 436 U.S. at 694. Therefore, we grant Aleman leave to amend his complaint within fifteen days from entry of this order to properly allege an official capacity action if appropriate.[1]

**IV. Conclusion**

For the reasons articulated above, we grant the Sheriff's motion to dismiss without prejudice so that Aleman may amend his complaint within fifteen days from entry of this order in accordance with our ruling.

MARVIN E. ASPEN
United States District Judge

Dated: November 22, 2005

---

[1] Absent such an amendment, Aleman cannot pursue equitable relief at trial and we will dismiss all claims against the Sheriff with prejudice. *See Greenawalt*, 397 F.3d at 589 ("Section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity.") (citing *Luder v. Endicott,* 253 F.3d 1020, 1024-25 (7th Cir. 2001)). *Carver v. Sheriff of LaSalle County* is inapposite. 324 F.3d 947 (7th Cir. 2003). In *Carver,* the Seventh Circuit ruled that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer ... in an official capacity." 324 F.3d at 948. Unlike *Carver*, Aleman seeks equitable, rather than monetary, relief for his official capacity claim. Moreover, while Aleman is correct that "a party can be added Sua sponte by the court after judgment for remedial purposes[,]" we will have no basis to join the Sheriff's office if the lawsuit centers on Kurtovich's misconduct in his individual capacity. *See Du Shane v. Conlisk*, 583 F.2d 965, 967 (7th Cir. 1978); Fed. R. Civ. P. 21.